IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| CHARLES EDWARDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 316-019 |
| ) | |
| DR. ANDREW HYNES, Wheeler ) | |
| Correctional Facility; PAT CLARK, ) | |
| Medical Director, Wheeler Correctional ) | |
| Facility; MS. COTTLE, Dental Assistant, ) | |
| Wheeler Correctional Facility; and ) | |
| DR. HUN, Dentist, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**
_____

Plaintiff, an inmate incarcerated at Washington State Prison in Davisboro, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983 and is proceeding *pro se* and *in forma pauperis* ("IFP"). (Doc. no. 2.) Plaintiff has filed a motion for leave to file a supplemental complaint that contains new claims, based on later events not contained in his original complaint. (Doc. nos. 9, 10.) Plaintiff has also filed a motion to correct typographical errors in his supplemental complaint. (Doc. no. 11.) Plaintiff's new claims are almost entirely based on events that occurred at Washington State Prison.

It is well settled that a plaintiff may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences and any question of law or fact common to all defendants will arise in the

action." Fed. R. Civ. P. 20(a)(2). "In determining what constitutes a transaction or occurrence for the purposes of Rule 20(a), courts have looked for meaning to Fed. R. Civ. P. 13(a) governing compulsory counterclaims." Alexander v. Fulton County, Ga., 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by* Manders v. Lee, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003) (*en banc*). As recognized by the Eleventh Circuit Court of Appeals in analyzing the requirements of Rule 13(a), "a claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." Construction Aggregates, Ltd. v. Forest Commodities Corp., 147 F.3d 1334, 1337 n.6 (11th Cir. 1998); Tarver v. Owens, 5:14-CV-214, 2014 WL 3810594, at *4 (M.D. Ga. Aug. 1, 2014) (same).

Here, Plaintiff raises claims concerning events that occurred in both Washington and Wheeler Counties, but the connection between Plaintiff's descriptions of alleged mistreatment in separate counties, at separate times, and in differing ways is not readily apparent because of the manner in which he has submitted claims. If Plaintiff has unrelated claims against individuals located in both counties, he must bring his claims in two separate lawsuits. Claims against persons in Washington County should be filed in the Macon Division of the Middle District of Georgia, while claims against individuals in Wheeler County would remain in this case in the Dublin Division.

Because no responsive pleading has been served, Plaintiff may amend his complaint once as a matter of course, Fed. R. Civ. P. 15(a).[1] Although Plaintiff apparently intends for the Court to read these allegations in conjunction with his original complaint, a plaintiff may not amend his complaint in a piecemeal manner by simply amending sections of his complaint or submitting separate filings. See Holland v. Burnette, CV 308-090, 2009 WL 1579507, at *1 (S.D. Ga. June 3, 2009). Accordingly, the Court hereby **ORDERS** Plaintiff to amend his complaint to include all of the allegations and defendants in one document, within fourteen days of the date of this Order on the standard complaint form used by incarcerated litigants in the Southern District of Georgia. The Court **DIRECTS** the **CLERK** to attach a standard form complaint used by incarcerated litigants in the Southern District of Georgia, stamped with this case number, to Plaintiff's service copy of this Order. If Plaintiff wishes to pursue this case, he **MUST** file an amended complaint in accordance with the following instructions within fourteen days. Because the Court is ordering Plaintiff to file a new complaint, the Court **DENIES AS MOOT** Plaintiff's motion to correct clerical errors. (Doc. no. 11.)

The amended complaint shall supersede and replace in its entirety the previous complaint. Krinsk v. SunTrust Banks, Inc., 654 F.3d 1194, 1202 (11th Cir. 2011); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case"). Plaintiff must use the

---

[1] Plaintiff filed a previous motion to amend, but the Court construed it as a motion to amend the caption on the docket. (See doc. nos. 7, 8.) Plaintiff did not file a new amended complaint.

3

standard form provided along with this Order, with no more than six handwritten pages attached. See Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (affirming the dismissal of a case where the plaintiff failed to heed the pleading instructions from the court regarding re-drafting the complaint); see also London v. Georgia Dep't of Corr., CV 502-107, doc. no. 10 (M.D. Ga. May 10, 2002) (directing that amended complaint shall not exceed six handwritten pages).

It must be printed legibly or typed so that the Court may discern Plaintiff's claims. It must contain a caption that clearly identifies, by name, each party that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in Plaintiff's amended complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred. While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his complaint.[2] Thus, Plaintiff must name the parties whom he seeks to include as Defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that the parties are named in the exhibits attached to her amended complaint as a means of including such persons as defendants to this lawsuit.

---

[2]For example, Plaintiff should not simply state, "See attached documents."

The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned that no portion of any prior filing shall be incorporated into his amended complaint by reference. Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order. Therefore, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all related claims that he wishes the Court to consider as a basis for awarding the relief sought.

Once Plaintiff has complied with the conditions of this Order, the Court will review the amended complaint to determine which, if any, claims are viable and which, if any, Defendants should be served with a copy of the amended complaint. If no timely amended complaint is received from Plaintiff, the Court will presume that Plaintiff desires to have this case voluntarily dismissed and will recommend dismissal of this action, without prejudice. Plaintiff is cautioned that while this action is pending, he shall immediately inform this Court of any change of address. Failure to do so will result in dismissal of this case.

SO ORDERED this 11th day of August, 2016, at Augusta, Georgia.

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA