IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| CHARLES EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 316-019 |
| | ) | |
| DR. ANDREW HYNES, Wheeler | ) | |
| Correctional Facility; PAT CLARK, | ) | |
| Medical Director, Wheeler Correctional | ) | |
| Facility; MS. COTTLE, Dental Assistant, | ) | |
| Wheeler Correctional Facility; and | ) | |
| DR. HUN, Dentist, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

Plaintiff, an inmate incarcerated at Washington State Prison in Davisboro, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983 and is proceeding *pro se* and *in forma pauperis* ("IFP"). (Doc. no. 2.) Plaintiff filed a motion for reconsideration of the Court's August 11 Order denying leave to file his "supplemental" complaint. (Doc. no. 13.) Plaintiff asks the Court for leave to file his supplemental complaint or, in the alternative, twenty days to file another amended complaint that is shorter in length. (See id.)

This Court gave Plaintiff clear instructions in its August 11 Order to "amend his complaint to include all of the allegations and defendants in one document, within fourteen days of the date of this Order on the standard complaint form used by incarcerated litigants in the Southern District of Georgia." (Doc. no. 12, p. 3.) Plaintiff was further instructed he

"must use the standard form provided along with this Order, with no more than six handwritten pages attached." (Id. at 3-4.) Plaintiff was warned his case could be dismissed if he failed to heed these instructions. (See id. at 4.); see also Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (affirming the dismissal of a case where the plaintiff failed to heed the pleading instructions from the court regarding re-drafting the complaint).

Plaintiff persists in his claim that the Court should allow him to file a supplemental complaint. There is nothing in Plaintiff's present motion to warrant reconsideration of its instructions to Plaintiff to file a new amended complaint in compliance with the terms set out in the Court's August 11 Order. Accordingly, Plaintiff's motion for reconsideration (doc. no. 13) is **DENIED**.

Plaintiff in the alternative asks for an extension to file his amended complaint and permission to be limited to ten instead of six handwritten pages. The Court extends the deadline for Plaintiff to file his amended complaint to fourteen days from the date of this Order. However, the Court does not permit Plaintiff to file more than six handwritten pages along with the standard form. Plaintiff must submit only six handwritten pages along with the form; if more pages are submitted, the Court will recommend dismissal of this action.

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion for Reconsideration. (Doc. no. 13.) The Court **ORDERS** Plaintiff to file his amended complaint within fourteen days from the date of this Order.

SO ORDERED this 29th day of August, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA