IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| CHARLES EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 316-019 |
| | ) | |
| DR. ANDREW HYNES; MEDICAL DIRECTOR PAT CLARK, Wheeler Correctional Facility; MS. COTTLE, Dental Assistant, Wheeler Correctional Facility; and DR. HUN, Dentist,[1] | ) ) ) ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Washington State Prison ("WSP") in Davisboro, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I.  SCREENING OF THE COMPLAINT**

   **A.  BACKGROUND**

Plaintiff names as Defendants (1) Dr. Andrew Hynes, Doctor at the Wheeler Correctional Facility ("WCF"), (2) Pat Clark, Medical Director at WCF, (3) Ms. Cottle,

---

[1] The Court **DIRECTS** the Clerk to update the docket to reflect the amended caption.

Dental Assistant at WCF, and (4) Dr. Hun, Dentist at WCF. (See doc. no. 15, pp. 1, 5.). Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff alleges he was treated by Dr. Andrew Hynes while a prisoner at WCF. (Doc. no. 15, p. 6.) Dr. Hynes refused to provide Plaintiff with medical treatment for an ingrown toenail and discontinued Boost, ibuprofen, and vitamins as treatment for Plaintiff's Hepatitis C and emphysema. (Id.) This caused itching, hurting, and a callous on his foot as well as weight loss and leg and hand pain. (Id. at 6-7.)

Plaintiff also alleges he was denied adequate dental care by Dr. Hun and Ms. Cottle. (Id. at 7.) Plaintiff needed upper and lower dentures to properly eat. (Id.) Without dentures, Plaintiff suffered from a swollen gum and sore jaw. (Id.) Plaintiff requested dentures from Dr. Hun and Ms. Cottle, who originally told him he was on a wait list. (Id.) Plaintiff never received his dentures and was ultimately transferred to WSP. (Id.)

Finally, Plaintiff alleges all Defendants conspired to have him transferred in retaliation for his filing grievances against them. (Id. at 7.) WCF had more diabetic patients than it could adequately provide medical care. (Id. at 7-8.) As a result, Ms. Clark began arranging transfer of diabetic inmates to other prisons where they could receive proper care. (Id.) According to Plaintiff, Ms. Clark, created a false medical schedule labeling him as having diabetes so that she could transfer him to WSP in retaliation for filing grievances. (Id. at 8.) Plaintiff also contends Ms. Clark, as medical director of WCF, is liable for his mistreatment by Dr. Hynes, Dr. Hun, and Ms. Cottle. (Id. at 6-7.)

Plaintiff states he has exhausted his administrative remedies as to these claims. (Doc. no. 15, pp. 4-5.)

**B.     DISCUSSION**

    **1.     Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of

3

a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim for Deliberate Indifference to his Ingrown Toenail and his Need for Boost, Ibuprofen, and Vitamins.

Plaintiff fails to allege facts showing deliberate indifference to his ingrown toenail and his need for Boost, Ibuprofen, and vitamins. To state a claim for deliberate indifference to serious medical needs, Plaintiff must allege: (1) he had a serious medical need – the objective component, (2) a defendant acted with deliberate indifference to that need – the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010).

To satisfy the objective component, a prisoner must allege his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994)). To satisfy

4

the subjective component, Plaintiff must allege a defendant: (1) was subjectively aware of a serious risk of harm, and (2) disregarded that risk (3) by following a course of action which constituted "more than [gross] negligence." Id. at 1326-27.

Furthermore, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). The Eighth Amendment does not mandate the medical care provided to the prisoner "be perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)). As the Supreme Court has explained:

> [A]n inadvertent failure to provide medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999) (explaining medical malpractice cannot form basis for Eighth Amendment liability); Harris, 941 F.2d at 1505. Moreover, the Eleventh Circuit has consistently held a mere difference of opinion between an inmate and prison medical officials over a diagnosis or course of treatment does not support a claim of deliberate indifference. See Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010).

Plaintiff's ingrown toenail does not constitute a serious medical need. For a medical

5

need to be serious, it must be "one that, if left unattended, pos[es] a substantial risk of serious harm." Farrow, 320 F.3d at 1243 (11th Cir. 2003) (internal quotations omitted). Although an ingrown toenail can progress to a serious infection,[2] Plaintiff's own admissions indicate his was not a serious case. (See doc. no. 15, p. 6.) (ingrown toenail "itch[ed], hurt, and that it had caused a callous to come between one of his toes"). Thus, the ingrown toenail was not a "serious medical need" to which Defendants were deliberately indifferent.

As to the supplements and medication, Plaintiff fails to allege their necessity for treatment of Hepatitis C and emphysema. Indeed, the only support given to his claim is his belief that lack of these medications and supplements causes loss of muscle mass and pain in his legs and hands. (See id. at 6-7.) Plaintiff alleges no facts indicating Defendants' decision to take him off Boost, Ibuprofen, and vitamins was medically unreasonable or unsound. Because these claims only show a disagreement with the prescribed treatment, they cannot form the basis for a deliberate indifference claim. Smith, 375 F. App'x at 910.

### 3. Plaintiff Fails to State a Claim Against Defendant Clark as to Dentures.

Defendant Clark is not subject to liability in a § 1983 action on the sole basis of her position as a medical supervisor. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Florida Dep't of Corr., 522 F. App'x 710, 714 (11th

---

[2] See Mayo Clinic Staff, *Ingrown toenails: Complications*, Mayo Clinic (Apr. 4, 2014), http://www.mayoclinic.org/diseases-conditions/ingrown-toenails/basics/complications/con-20019655.

Cir. 2013). Likewise, supervisors, employers, and private contractors cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining employer providing medical care for state inmates could not be sued under § 1983 *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold a supervisor liable, Plaintiff must demonstrate that either (1) he actually participated in the alleged constitutional violation, or (2) there is a causal connection between his actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff includes no substantive allegations connecting Defendant Clark with the alleged violation. Plaintiff's only allegations involve conduct by Dr. Hun and Ms. Cottle. (See doc. no. 1.)

Plaintiff must therefore allege a causal connection between Defendant Clark and the asserted constitutional violation. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring affirmative causal connection between defendant and alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and [s]he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at

7

1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff does not allege a history of widespread abuse or that Defendant Clark had any custom or policy in place resulting in deliberate indifference to Plaintiff's need for dentures. Nor does Plaintiff allege any facts to support an inference Defendant directed any subordinates to act unlawfully or knew they would act unlawfully and failed to stop them from doing so. Therefore, Plaintiff fails to state a claim upon which relief can be granted against Defendant Clark in her supervisory role as to his need for dentures.

### 4. Plaintiff Fails to State a Claim Against Defendants Hynes, Cottle, and Hun as to Retaliatory Transfer.

Plaintiff asserts all named Defendants are responsible for having him retaliatorily transferred. However, other than a single conclusory allegation, Plaintiff states no facts to support his claim against Defendants Hynes, Cottle, and Hun. The only person Plaintiff alleges to have taken action to effect his transfer to WSP is Defendant Clark. (See doc. no. 15, p. 8.) As such, Plaintiff makes "naked assertions devoid of further factual enhancement" as to Defendants Hynes, Cottle, and Hun's involvement in the transfer and therefore fails to

8

state a claim upon which relief can be granted against those Defendants. Iqbal, 556 U.S. at 678.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's claims of deliberate indifference to his ingrown toenail and need for vitamins, Boost, and ibuprofen, all supervisory liability claims against Defendant Clark, and all claims of retaliatory transfer against Defendants Hynes, Hun, and Cottle be **DISMISSED**. In a companion Order, the Court has allowed Plaintiff's claims of deliberate indifference to his need for dentures against Defendants Hun and Cottle and retaliatory transfer claims against Defendant Clark to proceed.

SO REPORTED and RECOMMENDED this 30th day of September, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA