IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| CHARLES EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 316-019 |
| | ) | |
| MEDICAL DIRECTOR PAT CLARK, | ) | |
| Wheeler Correctional Facility; VIRGINIA | ) | |
| COTTLE, Dental Assistant, Wheeler | ) | |
| Correctional Facility; and DR. JASMINE | ) | |
| AHN, Dentist, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

Before the Court is Plaintiff's motion for protective order and subpoena to produce medical and dental records. (Doc. nos. 48.) In his motion, Plaintiff requests medical and dental records from April 2013 to the present, a date range broader than Defendants' current subpoena. (Id. at 1-2.) Plaintiff also expresses a concern that Defendants will not provide him with a complete copy of the medical and dental records they have already subpoenaed. (Id. at 2.)

Under Federal Rule of Civil Procedure 45, a party may obtain a subpoena commanding a person to appear and testify at a trial or deposition, produce designated documents, or permit the inspection of premises. Fed. R. Civ. P. 45(a)(1)(A)(iii). The rules

provide that "[t]he clerk *must* issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service." Rule 45(a)(3) (emphasis added).

While Plaintiff is generally entitled to have the Clerk of the Court issue a subpoena needed to secure relevant documents or testimony, he may incur significant expense in employing Rule 45 and will have to bear the cost of having the documents copied. He is not entitled to public funds for these expenses. Even *pro se* litigants who are proceeding *in forma pauperis* must bear their own discovery expenses. While 28 U.S.C. § 1915(a) permits a pauper to commence litigation without prepayment of the filing fee, no provision of that statute "authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." Tabron v. Grace, 6 F.3d 147, 158-59 (3rd Cir. 1993); Doye v. Colvin, 2009 WL 764980 at * 1 (S.D. Ga. Mar. 23, 2009); Lofton v. Smith, 2007 WL 2728431 at * 2 (S.D.Ga. Sept. 10, 2007) ("'[d]istrict courts do not have statutory authority to waive witness fees for indigent civil litigants'").

Further, under a standing Order in this district, the granting of subpoenas to incarcerated litigants is generally disfavored. See In re Subpoenas, MC 496-006 (S.D. Ga. Jan. 16, 1996). The Court will only allow Plaintiff to subpoena documents directly relevant to his case and which will not be unduly burdensome to the producing party. Thus, if Plaintiff wishes to have a subpoena issued to him, he must notify the Court of the documents he wishes to subpoena, the party that is in possession of these documents, and explain their relevance to his case.

2

The Court **GRANTS** Plaintiff's motion for a subpoena as to Wheeler Correctional Facility for dental records from April 2013 through March 2014. (Doc. no. 48.)

Accordingly, the Court **DIRECTS** the Clerk to furnish Plaintiff with one Form AO 88B subpoena, issued under the Clerk's signature but otherwise in blank. However, the Court will impose the following restrictions on the documents that Plaintiff is allowed to subpoena. If Plaintiff requests production of material outside of the parameters outlined below, the Court will immediately quash it upon motion by the Defendant or producing party.

In his motion for a subpoena, Plaintiff requests medical and dental records from the period of April 2013 to the present. Because all claims regarding Plaintiff's medical treatment at Wheeler Correctional Facility have been dismissed, Plaintiff's medical records from that time period are irrelevant. However, the Court will allow Plaintiff to subpoena dental records from April 2013 through March 2014 given their probative value in this case, as Plaintiff's claims for inadequate dental treatment reach back to before that date.

Defendants' counsel has already subpoenaed and been ordered to provide Plaintiff with copies of his medical and dental records from March 2014 through the present date. (See doc. nos. 30, 32, 48.) Plaintiff's concern Defendants will withhold records from him is unfounded, as the Court specifically ordered Defendants' counsel to "Bates stamp [the records] and provide a photocopy to Plaintiff so that all parties have an <u>identical set of records</u> to be used in the case. . . ." (Doc. no. 32, p. 2.) There is no indication Defendants

have or will disregard the Court's instructions.

SO ORDERED this 1st day of February, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA