IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| CHARLES EDWARDS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV 316-019 |
| MEDICAL DIRECTOR PAT CLARK, Wheeler Correctional Facility; VIRGINIA COTTLE, Dental Assistant, Wheeler Correctional Facility; and DR. JASMINE AHN, Dentist, | ) ) ) ) ) ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

Before the Court is Plaintiff's Motion for Sanctions for Defendants' alleged failure to produce documents in accordance with this Court's July 17th Order. (Doc. no. 62.) In particular, Plaintiff alleges the following deficiencies in Defendants' disclosures:

1. The profile history, activity log, and movement history attached to Defendant Clark's supplemental discovery responses are not genuine.

2. The dental log attached to Defendant Ahn's supplemental discovery responses is manufactured.

3. The dental log attached to Defendant Ahn's supplemental discovery responses improperly deleted information regarding other patients listed on the log.

(Id.) Plaintiff seeks the same sanctions for these alleged deficiencies as described in his motion to compel, that is, a payment of $600.00 to the Open Door Community in Baltimore, Maryland to aid the sick and homeless. (Id.; doc. no. 53, p. 13.)

Plaintiff is not entitled to sanctions. First, there is nothing to suggest the profile history, activity log, movement history, or dental log are manufactured or false. Defense counsel has certified Defendants' responses fully comply with the Court's July 17th Order. (Doc. nos. 61, 63.) Moreover, defense counsel avers the documents attached to Defendant Clark's supplemental disclosures are genuine, the denture waiting list is a handwritten log as produced, and Defendants do not recognize the supposed "genuine" dental log from 2007 attached to Plaintiff's motion. (Doc. no. 63, p. 5.) "The Court is generally entitled to rely on such representations by counsel [in discovery responses] absent some reasonable articulable suspicion the representation is false . . . ." Hunter v. Corr. Corp. of Am., No. CV 314-035, 2016 WL 943752, at *2 (S.D. Ga. Feb. 5, 2016). Plaintiff fails to provide any concrete evidence to raise such a reasonable articulable suspicion here.

Second, the redaction of the names of other inmates on the dental request log was proper. Indeed, Defendants disclosure of other inmates' health information without the inmates' authorization could potentially expose them to liability under the Health Insurance Portability and Accountability Act. See 45 C.F.R. § 164.508 ("Except as otherwise permitted or required by this subchapter, a covered entity may not use or disclose protected health information without an authorization that is valid under this section."). Thus, Defendant Ahn properly redacted the names and resident numbers of the other inmates on the dental request log.

Accordingly, the Court **DENIES** Plaintiff's Motion for Sanctions. (Doc. no. 62.)

SO ORDERED this 27th day of October, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA