IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| CHARLES EDWARDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 316-019 |
| | ) |
| MEDICAL DIRECTOR PAT CLARK, | ) |
| Wheeler Correctional Facility; VIRGINIA | ) |
| COTTLE, Dental Assistant, Wheeler | ) |
| Correctional Facility; and DR. JASMINE | ) |
| AHN, Dentist, | ) |
| | ) |
| Defendants. | ) |

_____

**O R D E R**
_____

For the reasons state in its March 20, 2018 Order, the Court **DENIES** Plaintiff's Motion to Reconsider Order. (Doc. no. 85.) In the alternative, Plaintiff requests permission to take an interlocutory appeal *in forma pauperis* ("IFP"). However, the Court's ruling on Plaintiff's sanctions motion is not interloculatorily appealable.

Pursuant to 28 U.S.C. § 1291, the United States Courts of Appeals have jurisdiction over "all final decisions of the district courts of the United States . . . ." 28 U.S.C. § 1291. Generally, "a sanctions order imposed on an attorney is not a 'final decision' under § 1291." Cunningham v. Hamilton Cty., Ohio, 527 U.S. 198, 210 (1999). Thus, conversely, an order denying a motion requesting sanctions on an attorney is not a final decision subject to interlocutory appeal.

Accordingly, the Court **DENIES** Plaintiff's request to appeal its March 20th Order IFP. Should Plaintiff file an interlocutory notice of appeal, it shall not deprive this Court of jurisdiction to rule on Defendants' pending motion for summary judgment. United States v. Riolo, 398 F. App'x 568, 571 (11th Cir. 2010) (citing United States v. Hitchmon, 602 F.2d 689, 694 (5th Cir. 1979)[1](*en banc*)) ( "[A] notice of appeal filed with respect to a non-appealable order does not have any effect on the district court's jurisdiction."). The Court will address the summary judgment motion in the normal course of business.

SO ORDERED this 17th day of April, 2018, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.